# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1024V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * *
                                            *
M.R.                                        *    Chief Special Master Corcoran
            Petitioner,                     *
                                            *
        v.                                  *    Filed: October 17, 2022
                                            *
SECRETARY OF HEALTH                         *
AND HUMAN SERVICES,                         *
                                            *
            Respondent.                     *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald Craig Homer,* Conway Homer, P.C., Boston, MA, for Petitioner.

*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for Respondent.

### ORDER GRANTING MOTION TO REDACT[1]

On August 18, 2016, M.R. filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] ECF No. 1. Petitioner alleged that an influenza ("flu") vaccination administered to him on October 21, 2014, caused him to experience left-sided sensorineural hearing loss ("SNHL"). *Id*. After holding a hearing in the matter, I denied entitlement on October 3, 2022. Decision, dated Oct. 3, 2022 (ECF No. 82).

Petitioner has now requested, pursuant to Vaccine Rule 18(b), that his name be redacted to initials in the caption and throughout the Decision. Motion, dated October 11, 2022 (ECF No. 85) ("Motion") at 4. Respondent has reacted to Petitioner's motion, citing some relevant law but taking

---

[1] Although I have not formally designated this Order for "publication," it will nevertheless be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). To the extent Petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

no position as to whether redaction was appropriate or not, deferring resolution of the matter to my judgment. Response, dated October 12, 2022 (ECF No. 86), at 5.

For the reasons stated below, I hereby grant Petitioner's Motion.

## ANALYSIS

Respondent's filing in response to the redaction motion discusses the standards to be applied in weighing redaction requests, based on two decisions addressing the matter at length. *See generally W.C. v. Sec'y of Health & Hum. Servs.*, 100 Fed. CL. 440, 456–57 (Fed. Cl. 2011), *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013); *Langland v. Sec'y of Health & Hum. Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. den'd on non-relevant grounds*, 109 Fed. Cl. 421 (2013). I have in other decisions reviewed the Vaccine Act's treatment of requests to redact Program decisions and rulings, as reflected in *W.C.* and *Langland*. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-312V, 2015 WL 11387761, at *2–4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*, 123 Fed. Cl. 497 (2015); § 12(d)(4)(B); Vaccine Rule 18(b).

The Act provides for redaction from published decisions of certain categories of information—"medical files and similar files"—but only if the disclosure of such information would constitute a "clearly unwarranted invasion of privacy." Section 12(d)(4)(B). Although the Vaccine Rules make mandatory the redaction of a minor's name, adult petitioners' names (which are not similarly protected automatically) may also be redacted if the movant establishes proper grounds for so doing. *See generally W.C.*, 100 Fed. Cl. at 460–61 (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *A.K. v. Sec'y of Health & Human Servs.*, No. 09-605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013) (same); *but see Langland*, 2011 WL 802695, at *7–8 (Petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing).

*W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*, 100 Fed. Cl. at 460–61; *K.L.*, 2015 WL 11387761, at *2–3. In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made, without reconciling these two competing standards or choosing one over the other. *See, e.g., K.L. v. Sec'y of Health & Human Servs.*, No. 12-312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting Petitioner's motion for redaction because disclosure of her injuries would cause her harm in the employment context).

Here, I find it appropriate to grant the redaction proposed by Petitioner. Petitioner works as a registered nurse, and bases his request for redaction upon the argument that disclosure of the Decision in its present form "may result in my patients having inaccurate perceptions regarding [his] position on vaccinations," which could adversely affect his relationship with his current employer, or limit his future employment prospects. Motion at 4. This constitutes a reasonable, persuasive basis for redaction specific to his career, and that goes beyond any claimant's general desire for privacy. There is also no request for further redaction of information beyond his initials, so the amount of redaction is minor and will not otherwise prevent the public from comprehension of the basis for my Decision. I therefore conclude that Petitioner has made an adequate showing for his redaction request. *See N.W. v. Sec'y of Health & Human Servs.*, No. 07-93V, 2018 WL 5851061 (Fed. Cl. Spec. Mstr. Jul. 13, 2018) (granting Petitioner's motion for redaction; Petitioner's particular professional concerns outweighed the competing interest in disclosure).

## Conclusion

For the reasons set forth above, I hereby **GRANT** Petitioner's motion. The Clerk of this Court is hereby instructed to change the caption of this case to that set forth above. In addition, on or before November 30, 2022, Petitioner shall file a copy of my Decision redacting all prior references to his name to his initials, and it shall thereafter be substituted for the earlier-filed version.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master