# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1024V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| M.R., | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: January 5, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Sarah Black Rifkin,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 18, 2016, M.R. filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Program").[2] Petition (ECF No. 1) ("Pet."). Petitioner alleged that an influenza ("flu") vaccine administered to him on October 21, 2014, caused him to experience left-sided sudden sensorineural hearing loss ("SNHL").

An entitlement hearing in the matter was held on February 25, 2022, in Washington, D.C. I initially denied entitlement, based on the determination that an acoustic neuroma was the most likely cause of his SNHL. But Petitioner sought review of the initial Decision, and succeeded in having my Decision vacated and remanded for a more thorough analysis of several issues. *See* Order, dated Mar. 27, 2023 (ECF No. 99) (the "Remand Order"). On remand, I reached the same conclusion as before, however, and the matter was not again appealed.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated December 12, 2023 (ECF No. 109) ("Final Fees Mot."). Petitioner requests a total of $107,891.70, reflecting $81,777.80 in fees incurred for the services of the attorneys and paralegals at Conway, Homer, P.C., and $26,113.90 in litigation-associated costs. Final Fees Mot. at 1–2. Respondent reacted to the final fees request on December 26, 2023. Response, dated Dec. 26, 2023 (ECF No. 110) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to by discretion. Resp. at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$107,891.70**.

## ANALYSIS

### I. Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find it possessed more than sufficient objective basis to entitle him to a fees and costs award. The claim offered a reasonably-sound medical concept to support Petitioner's causation theory, and (more importantly) there was ample objective record evidence to substantiate aspects of the claim. Certainly the matter was reasonably disputed, as reflected in Petitioner's success in appealing the first decision. Accordingly (and because I find no other reason to deny fees despite the claim's disposition), a final award of fees and costs in this matter is appropriate.

## II. Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot.*

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

*Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

|  | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|---|
| **Ronald Homer (Attorney)** | $421.00 | $430.00 | -- | $447.00 | $475.00 | $500.00 |
| **Joseph Pepper (Attorney)** | -- | -- | -- | -- | $415.00 | -- |
| **Lauren Faga (Attorney)** | -- | -- | -- | -- | $385.00 | -- |
| **Nathaniel Enos (Attorney)** | -- | -- | -- | -- | -- | $320.00 |
| **Patrick Kelly (Attorney)** | -- | -- | -- | $225.00 | -- | $305.00 |
| **Christina Ciampolillo (Attorney)** | -- | -- | -- | $380.00 | $425.00 | $470.00 |
| **Meredith Daniels (Attorney)** | $294.00 | $320.00 | $350.00 | $350.00 | $410.00 | $455.00 |
| **Paralegals** | $142.00 | $145.00 | -- | $155.00 | $170.00 | $185.00 |
| **Law Clerks** | -- | -- | -- | $165.00 | $180.00 | -- |

Final Fees Mot. at 23–24.

The attorneys at Conway, Homer, P.C., practice in Boston, MA—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch*. *See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-369V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The rates requested for the attorneys, paralegals, and law clerks of Conway, Homer, P.C., are also consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[5] *Japaridze v. Sec'y of Health & Hum. Servs.*, No. 20-1545V, 2023 WL 4104134, at *1 (Fed. Cl. Spec. Mstr. May 17, 2023); *Kimball v. Sec'y of Health & Hum. Servs.*, No. 20-2000V, 2023 WL 4044612, at *1 (Fed. Cl. Spec. Mstr. May 16, 2023). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Jan. 5, 2024).

## III.    Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $26,113.90 in outstanding costs, including medical record retrieval costs, mailing costs, and costs associated with the work of a single expert, Edwin Monsell, M.D., Ph.D. Final Fees Mot. at 22–23. Dr. Monsell authored two expert reports, testified at hearing, and has submitted an invoice for a total of $24,875.00 (billing an hourly rate of $500.00 for 49.75 hours of work). *Id.* at 36–37. The total amount charged was reasonable for the work performed, and I do not find any reason to make reductions. The same is true for the other litigation-related costs.

Thus, all requested litigation-related costs in this matter shall be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$107,891.70** reflecting $81,777.80 in attorney's fees and $26,113.90 in costs in the form of a check made jointly payable to Petitioner and his attorney, Mr. Ronald Homer.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.